

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00152-CR

JERRETT LAMAR DEVONT GRANT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2530771

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

Jerrett Lamar Devont Grant pled guilty to assault of a pregnant person, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(8). Pursuant to a plea bargain with the State, Grant was placed on deferred adjudication community supervision for ten years. The State filed a motion to adjudicate Grant's guilt, which alleged that he violated the term of his community supervision requiring him to pay $30.00 per month as his community-supervision fee even though he had the ability to pay it. Grant pled true to the State's allegation and, as a result, the trial court adjudicated Grant's guilt and sentenced him to five years' imprisonment. Grant appeals.

Grant's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 28, 2026, counsel mailed Grant copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Grant's signature. Grant was

2

informed of his rights to review the record and file a pro se response. On January 28, we informed Grant that his motion for pro se access to the record was due on or before February 12. By letter dated March 3, this Court informed Grant that the case would be set for submission on March 24. We received neither a pro se response from Grant nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the trial court's judgment.[1]

Scott E. Stevens
Chief Justice

Date Submitted:    March 24, 2026
Date Decided:    May 6, 2026

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.